1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Rojas LOERA,<br><br>                                    Plaintiff,<br><br>v.<br><br>Andrew M. SAUL<br><br>                                    Defendant. | Case No.:  20-cv-1396-AGS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (ECF 2)** |

Plaintiff moves to proceed in forma pauperis (IFP). Plaintiff qualifies to proceed without paying the filing fee and states a claim under 28 U.S.C. § 1915(e). So the Court grants plaintiff's IFP motion and lets his case proceed.

### Motion to Proceed In Forma Pauperis

Typically, parties instituting a civil action in a United States district court must pay a $400 filing fee. *See* 28 U.S.C. §§ 1914(a), 1915. But if granted the right to proceed IFP, a plaintiff can proceed without paying the fee. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff has $600.00 in his bank account, $1,254.00 in monthly expenses, and $1,576.29 in monthly income. (ECF 2, at 2, 5.) Virtually all of plaintiff's income derives from retirement benefits and public assistance, and he is not currently employed. (*Id.* at 1-2.) He also owns a car worth $9,000.00. (*Id.* at 3.) Plaintiff has therefore shown an inability to pay the $400 filing fee.

1

## 28 U.S.C. § 1915(e) Screening

When reviewing an IFP motion, the court must screen the complaint and dismiss it if it is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In the Social Security context, a plaintiff's complaint must set forth sufficient facts to support the legal conclusion that the Commissioner's decision was incorrect. "[T]o survive the Court's § 1915(e) screening," a plaintiff must (1) "establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision," (2) "indicate the judicial district in which the plaintiff resides," (3) "state the nature of plaintiff's disability and when the plaintiff claims she became disabled," and (4) "identify[] the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that plaintiff is entitled to relief." *Varao v. Berryhill*, No. 17-cv-02463-LAB-JLB, 2018 WL 4373697, at *2 (S.D. Cal. Jan. 31, 2018) (alteration and citation omitted).

Plaintiff's complaint satisfies the § 1915(e) screening. Procedurally, he satisfies the first and second factors. (ECF 1, at 1-2.) He claims he has had disabling arthritis and diabetes since November 1, 2012. (*Id.* at 2-3.) And he identifies his disagreements with the Social Security Administration's determination: the ALJ's purported errors in rejecting his "testimony regarding pain, symptom [sic], and limitation [sic]." (*Id.* at 2-4.)

### Conclusion

For the reasons set forth above, the Court grants plaintiff IFP status and waives the filing fee. The complaint also satisfies the § 1915(e) requirements, so the case may proceed.

Dated:  July 28, 2020

_____
Hon. Andrew G. Schopler
United States Magistrate Judge