UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DAVID L.,

Plaintiff,

v.

Carolyn COLVIN,[1]

Defendant.

Case No.: 20-cv-01396-AGS

**ORDER GRANTING MOTION FOR 42 U.S.C. § 406(b) FEES (ECF 19)**

Plaintiff's counsel moves for $27,733.00 in attorney's fees, in addition to "credit to [reimburse] plaintiff for the EAJA fees to be paid in the amount of $6,512.84." (ECF 19, at 1); see 42 U.S.C. § 406(b). This request represents just under 25% of plaintiff's "past due benefits[,]" which total $110,932.00. (ECF 19-1, at 9.) Plaintiff has not objected. (*See id.* at 16.)

"Whenever a court renders a judgment favorable to a claimant," the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b). In evaluating an attorney-fee application, courts "must respect the primacy of lawful attorney-client fee arrangements," "looking first to the contingent-fee agreement, then testing for reasonableness." *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (citation omitted). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Factors the court may consider in evaluating the reasonableness of the attorney-fee award are: "(1) the character of the representation; (2) the results achieved; (3) whether the attorney engaged in dilatory conduct; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular

---

[1] Carolyn Colvin, the current Acting Commissioner of the Social Security Administration, is substituted for defendant Andrew Saul. *See* Fed. R. Civ. P. 25(d).

hourly billing charge for non-contingent cases." *Avina v. Saul*, No. 18-CV-1728-W-MSB, 2021 WL 2662309, at *1 (S.D. Cal. June 29, 2021).

Plaintiff assented in his contingency agreement to "25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court." (ECF 19-2, at 1.) This bargained-for percentage is presumptively valid and may be reduced only if warranted by the character and results of the representation. *See Gisbrecht*, 535 U.S. at 807–08. Here, counsel invested his resources on contingency, successfully negotiated remand, and fully litigated this matter in administrative proceedings. (*See* ECF 19-1, at 4.) On remand, plaintiff secured a "fully favorable" decision (ECF 19-5, at 3) and was granted past-due benefits of $110,932.00 (ECF 19-1, at 13). There is no evidence of dilatory conduct or undue delay. Counsel expended 40.6 hours to achieve these results, which is eminently reasonable. (*See* ECF 19-1, at 4); *Costa v. Commissioner*, 690 F.3d 1132, 1136 (9th Cir. 2012) ("Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases."); *Dana F. v. Kijakazi*, No. 3:20-CV-01548-AHG, 2022 WL 542881 (S.D. Cal. Feb. 23, 2022) (finding 40 hours reasonable when "the parties filed a joint motion for voluntary remand" and a "final judgment reversing the final decision of the Commissioner" was entered); *Guzman v. Commissioner*, No. 2:20–CV–0468–KJN, 2021 WL 2534462 (E.D. Cal. June 21, 2021) (granting fees for 38 hours of work after "the parties stipulated to voluntarily remand for further proceedings").

In the present case, the effective hourly rate amounted to $638.08 which is reasonable compared to fees that courts have routinely approved. *See Sproul v. Astrue*, No.11-CV-1000-IEG DHB, 2013 WL 394056, at *2 (S.D. Cal. Jan. 30, 2013) (finding the "seemingly exorbitant de facto hourly rate of just under $800 per hour" reasonable and "but a by-product of counsel's efficiency in prosecuting the case"); *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (collecting cases from two decades ago that approved fees between roughly $200 and $700 an hour); *Palos v. Colvin*, No. CV 15-

04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. 2016) (finding an effective hourly rate of $1,546.39 reasonable for an attorney-fee award of $15,000 in a similar case).

Counsel's unopposed request for fees under 42 U.S.C. § 406(b) is **GRANTED**. Counsel is entitled to $27,733.00 out of plaintiff's past-due benefits in accordance with agency policy. Counsel must reimburse plaintiff the $6,512.84 EAJA fee. (*See* ECF 19-1, at 4); *see also Gisbrecht*, 535 U.S. at 796 (noting that, when section 406(b) fees are awarded, "the claimant's attorney must refund to the claimant the amount of the smaller [EAJA] fee").

Dated:  December 10, 2024

_____
Andrew G. Schopler
United States District Judge